**Darshan SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73064.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 20, 2005.

Alison Dixon, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., Patricia A. Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Darshan Singh, a native and citizen of India, petitions for review of the Board of

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Singh was not arrested on account of a protected ground, and thus did not establish past persecution. *See Sangha v. INS,* 103 F.3d 1482, 1491 (9th Cir.1997); *see also Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004). Substantial evidence also supports the BIA's conclusion that Singh does not have a well-founded fear of future persecution in light of current country conditions. *See Nagoulko,* 333 F.3d at 1015, 1018; *see also Acewicz v. INS,* 984 F.2d 1056, 1060–61 (9th Cir.1993).

Because Singh did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that Singh failed to establish that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

